**SECURITIES AND EXCHANGE COMMISSION, Appellee,**

v.

**HAFFENDEN–RIMAR INTERNATIONAL, INC., et al., Appellants.**

**No. 73-2297.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1974.

Decided May 29, 1974.

Joseph E. Casey and Edward F. Canfield, Washington, D. C., for appellants.

Frederick T. Spindel, Sp. Counsel, S. E.C. (Lawrence E. Nerheim, Gen. Counsel, Walter P. North, Associate Gen. Counsel, Jacob H. Stillman, Asst. Gen. Counsel, Glynn L. Mays and Lloyd F. Ryan, Jr., Attys., S.E.C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Eastern District of Virginia permanently enjoining appellants from selling casks of whiskey in storage in Scotland upon the ground that such sales were violations of the registration provisions of § 5 of the Securities Act of 1933, 15 U.S. C. § 77e(a) and (c); the antifraud provisions of § 17(a) of that Act, 15 U.S.C. § 77q(a); § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder. SEC v. Haffenden-Rimar International, Inc., et al., 362 F.Supp. 323 (1973).

The only issue in this case is whether appellants were engaged in the sale of casks of scotch whiskey as a commodity, in which case the Securities Acts are not applicable, or whether the offer and sale of scotch whiskey in light of the totality of the conditions and circumstances constitute the offer and sale of a security in the form of an investment contract, within the meaning of § 2(1) of the Securities Act of 1933, 15 U.S.C. § 77b(1).

The Supreme Court has repeatedly reminded that securities legislation is to be construed "not technically and restrictively, but flexibly to effectuate its remedial purposes." SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 195, 84 S.Ct. 275, 285, 11 L.Ed.2d 237 (1963), *cited in* Affiliated Ute Citizens v. United States, 406 U.S. 128, 151, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). *See also* Tcherepnin v. Knight, 389 U.S. 332, 336, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967).

It has also stated that, in considering whether a contract constitutes a security in the nature of an investment contract within the Securities Acts, it is necessary to examine

\* \* \* what character the instrument is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out to the prospect. In the enforcement of an act such as this, it is not inappropriate that promoters' offerings be judged as being what they were represented to be.

SEC v. C. M. Joiner Leasing Corp., 320 U.S. 344, 352–353, 64 S.Ct. 120, 124, 88 L.Ed. 88 (1943).

The parties do not differ significantly on the proper definition of a security. The government suggests that a security contemplates a relationship that limits the investors' role to providing capital with the hope of a favorable return in a business operated by others. Appellants suggest that a security requires two elements: 1) an investment of money in a common enterprise, and 2) the production of profits solely from the efforts of others.

Similarly, the material facts of the case are stipulated.

Indeed, the only question in this case is the proper characterization of the stipulated activity of the appellants.

The district court, in a thorough review of the operation of the appellants' business, the promotion of the sale of the whiskey, and the relevant aspects of the scotch whiskey industry, concluded that the offer and sale of scotch whiskey, under the totality of the circumstances, constituted an offer and sale of a security in the form of an investment contract. The Second Circuit, in a recent, similar case, reached the same conclusion. SEC v. Glen-Arden Commodities, Inc., 493 F.2d 1027 (1974).

Accordingly, we adopt the memorandum opinion of the district court, and affirm.

Affirmed.